IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DAVID LEE MATHEWS,

          Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.

Case No. 09-CV-385-FHM

**OPINION AND ORDER**

Plaintiff, David Lee Mathews, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's July 13, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held July 11, 2008. By decision dated August 21, 2008, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 23, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 46 on the date of alleged onset of disability, June 11, 2004.  He has a high school education and formerly worked as a forklift operator.  He claims to be unable to work as a result of back, shoulder, and right wrist pain, and depression.  The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform medium work except that he is limited to only occasionally climbing ladders, ropes and scaffolds, and only occasionally stooping, kneeling, crouching, or crawling.  The ALJ found that Plaintiff's past relevant work as a forklift operator does not require work-related activities precluded by his RFC.  In addition, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to properly consider the medical source evidence; failed to make a proper determination at steps 4 and 5 of the sequential evaluation; and failed to perform a proper credibility determination.  For the reasons

2

expressed below, the Court holds that the existing record and findings will not support the denial of benefits on the ALJ's stated rationale and therefore the ALJ's decision must be REVERSED and the case REMANDED for further proceedings.

Plaintiff submitted additional medical records to the Appeals Council, as permitted by the relevant regulations. 20 C.F.R. §§ 404.970(b), 416.1470(b). The Tenth Circuit has ruled that such "new evidence becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). The additional records submitted to the Appeals Council are treatment records from May 2007 through July 2008 and therefore relate to the time frame considered by the ALJ. [Dkt. 13-8, pp. 75-101]. The records include treatment for complaints of neck and shoulder pain and depression as well as MRI and CT scan reports. [Dkt. 13-8, pp. 75, 86, 93-96, 99, 101-102]. At a minimum, the additional records substantiate a reduced range of motion in Plaintiff's left shoulder. At an exam performed on July 19, 2007, the physician recorded that Platiniff's left shoulder had limited abduction and flexion and recommended an MRI to rule out rotator cuff tear. [Dkt. 13-8, p. 86, 89]. The reduced range of motion is consistent with the consultative examiner's report before the ALJ which noted a decreased range of motion in Plaintiff's neck, shoulders, lumbar and cervical spine. [Dkt. 13-8, pp. 21, 24-26]. The ALJ's decision must be reversed and the case remanded for consideration of the evidence submitted to the Appeals Council because the ALJ did not address the possibility that Plaintiff's RFC may be reduced by limitations in the use of his left shoulder.

Reversal is required for the further reason that the ALJ did not develop the record as to the specific demands of Plaintiff's past relevant work. *Henrie v. U.S. Dept. Health &*

*Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993) and SSR 82-62 require the ALJ to investigate the physical and mental demands of a claimant's past work and to compare those demands to the claimant's abilities. The ALJ's treatment of this area was conclusory and was made without reference to the record that would enable the Court to review the basis for the ALJ's conclusions about the demands of Plaintiff's past relevant work.

The Court finds that the ALJ based his credibility decision in part on an erroneous understanding of Plaintiff''s testimony. The ALJ stated he found "numerous inconsistencies" in Plaintiff's testimony. [Dkt. 13-3, p. 16]. As an example of such inconsistency, the ALJ noted "the claimant testified that he leaves the house only 1-3 times a month and cannot leave the house, yet earlier testimony notes he drives about 4 days a week." *Id.* However, Plaintiff did not testify that he leaves the house only 1-3 times a month. What he actually said was that 1-3 times per month is the number of days he could not leave the house. [Dkt. 13-3, pp. 38-39].

The ALJ's credibility analysis also included the boilerplate statement that Plaintiff's description of his daily activities was not considered to be "strong evidence," [Dkt. 13-8, p. 15], in favor of a finding of disability in part because the "allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty". *Id.* The inclusion of that statement is troubling. 20 C.F.R. § 404.1529 (c)(3)(i) states that the claimant's daily activities will be taken into account. There is no requirement that daily activities be "objectively verified with any reasonable degree of certainty." Rather than being "objectively verified", a feat that may not even be possible, the regulations state that the claimant's statements will be evaluated "in relation to the objective medical record." 20

C.F.R. § 404.1529 (c)(4). The Court rejects the Commissioner's contention that the Tenth Circuit has upheld the use of that language.

In *Wall v. Astrue*, 561 F.3d 1048 (10th Cir. 2009), the case cited by the Commissioner for the Tenth Circuit's supposed acceptance of the use of this language, the Court found that the ALJ's inclusion of that language was not a statement of the standard by which the ALJ made his adverse determination of the claimant's credibility. *Id.* at 1070. In fact, the Court found that the ALJ "clearly and affirmatively linked his adverse credibility determination to substantial record evidence indicating Claimant engaged in malingering and misrepresentation." *Id.* In other words, the ALJ's statement did not affect the result because the ALJ actually applied the correct standard to the credibility analysis. *See also Sanders v. Astrue*, 266 Fed.Appx. 767, 770 (10th Cir. 2008)("Although Mr. Sanders' daily activities need not be objectively verified, the ALJ's ultimate credibility determination is supported by substantial evidence."). In a more recent unpublished case, the Tenth Circuit included the following footnote:

> Although not sufficient grounds for reversal, we do note that the ALJ cited no authority for his requirement that the claimant's stated activities of daily living be "objectively verified with [a] reasonable degree of certainty." Aplt.App. Vol. 2 at 2. In fact, neither 20 C.F.R. § 404.1529(c)(3)(i) nor § 416.929(c)(3)(i) requires verification. The regulations simply state that such evidence will be evaluated "in relation to the objective medical evidence and other evidence." 20 C.F.R. § § 404.1529(c)(4); 416.929(c)(4).

*Holcomb v. Astrue*, 2010 WL 2881530 *3, fn 4 (10th Cir, July 22, 2010). In the present case, the ALJ listed a number of factors he considered in assessing Plaintiff's credibility, but in so doing got some of the facts wrong. The erroneous factual recitation requires reversal.

The Court notes an additional problem with the ALJ's analysis. Rather than verbally expressing a specific hypothetical question which encompassed all of Plaintiff's limitations to the vocational expert, the ALJ directed the vocational expert to an exhibit and asked the vocational expert to "[a]ssume further the individual in general has the physical capacity to perform work consistent with the limitations [of that exhibit]." [Dkt. 13-3, p. 41]. Expressing a hypothetical question to a vocational expert in this manner is unusual. In the Court's experience an ALJ relying on the content of an exhibit will read the limitations into the record. That procedure has the advantage of ensuring that all present at the hearing have the same understanding of the limitations included in the hypothetical question. Further, asking a vocational expert to assume an individual "in general" has a physical capacity is an imprecise way to communicate which invites misunderstanding.

The Court finds that the ALJ failed to apply the correct legal standards and that the decision is not supported by substantial evidence in the record, as discussed herein. On remand the medical evidence will need to be re-evaluated in light of the additional evidence submitted to the Appeals Council and the remaining analysis performed in accordance with the correct legal standards. The ALJ's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 10th day of August, 2010.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE